## UNITED STATES *v.* URBUTEIT.

No. 640.  Decided May 2, 1949.

*Solicitor General Perlman* for the United States.

*H. O. Pemberton* for respondent.

PER CURIAM.

The question presented by this petition is whether the Court of Appeals followed our mandate on remand of the cause in 335 U. S. 355.

The case when it was here earlier this Term appeared in the following posture:

A condemnation proceeding was instituted by the United States under the Federal Food, Drug, and Cosmetic Act (52 Stat. 1040, 1044, 21 U. S. C. § 334). Sixteen machines with alleged diagnostic and curative capabilities had been shipped in interstate commerce. Leaflets describing the uses of the machine had been shipped at a separate time. The Court of Appeals had held that the separate shipments of the machines and leaflets precluded a conclusion that the leaflets had accompanied the device in interstate commerce, and therefore the transaction was outside the reach of the Act. We reversed the Court of Appeals and held that the separate shipment of the machines and leaflets constituted a single interrelated activity.

On remand the Court of Appeals concluded that because there were several shipments of machines and a single shipment of advertising matter, it was not clear which shipments might be considered a single interrelated activity. Therefore, it remanded the case to the District Court for a determination of this fact. 172 F. 2d 386.

When the case was here before, we decided that the fact of separate shipments of machines and leaflets was immaterial. The controlling factors were whether the leaflets were designed for use with the machine and whether they were so used. Since the function of the leaflets and the purpose of their shipment were established, nothing more was needed to show that the movements of the machines and leaflets constituted a single interrelated activity. Moreover, the case is not complicated by shipments of machines and leaflets to different persons. One Kelsch was the recipient of both.

On remand the Court of Appeals adhered to its former ruling that the District Court erroneously excluded evi-

dence as to the therapeutic or curative value of the machines. When the case was here before we did not disturb that ruling. But we did leave to the Court of Appeals for consideration a further question—whether the evidence as respects the falsity of the representations regarding the diagnostic capabilities of the machines was adequate to sustain the condemnation even though error in exclusion of the other evidence were conceded. The United States is entitled to a hearing on that question.

The petition for certiorari is granted and the judgment is

*Reversed.*